## TATUM v. TEXAS DEPARTMENT OF PUBLIC SAFETY.

### No. 9976.

Court of Civil Appeals of Texas. Austin.

May 23, 1951.

Rehearing Denied June 6, 1951.

William C. McDonald, San Angelo, for appellant.

Price Daniel, Atty. Gen., Dean J. Capp, Asst. Atty. Gen., and W. W. Tupper, County Atty., Tom Green County, San Angelo, for appellee.

GRAY, Justice.

Appellant filed this suit against appellee in the County Court of Tom Green County as an appeal, under Section 31 of Article 6687b, Vernon's Ann.Civ.St., from an al-

leged departmental order suspending his chauffeur's license.

Appellee's answer challenged appellant's right to appeal, alleged appellant had been previously convicted of violations of Art. 6687b, supra, and denied, generally and specially, the allegations of appellant's petition.

Upon a nonjury trial, the court dismissed appellant's cause, with prejudice, for the reason that he determined the court was without jurisdiction. There was incorporated in the judgment fact findings as follows: (1) that appellant was heretofore the holder of chauffeur's license No. 1387175; (2) that on May 20, 1946, appellant was convicted, in Travis County, of the offense of driving a motor vehicle while under the influence of intoxicating liquor; (3) that on September 18, 1946, he was convicted in the county court of Tom Green County of the offense of driving a motor vehicle upon the highways of this state while his driver's license, or driving privilege, was suspended; (4) that on November 17, 1949, he was convicted in the county court of Tom Green County of the offense of driving a motor vehicle while under the influence of intoxicating liquor; and (5) that on December 14, 1949, he was convicted in the county court of Tom Green County of the offense of driving a motor vehicle on the highways of this state while his driver's license, or driving privilege, was suspended; (6) that each of the above convictions became final; (7) that the driver's license, or driving privilege, of appellant is now suspended, and that such suspension will extend through November 16, 1951.

Appellant objected to the introduction in evidence of certified copies of the complaint, information and judgment of conviction in the court of Travis County, "because it was not shown by any legal evidence that plaintiff was one and the same person as the party purportedly convicted in Travis County." He also objected to other exhibits introduced in evidence by appellee. After his objections to these various exhibits appellant testified as a witness in his own behalf.

We think the trial court's findings must be sustained on the pleadings and testimony of appellant.

Appellant alleged he was convicted of the offenses enumerated in findings (4) and (5), supra. He testified that in 1946 he was involved in a collision in Travis County; that a complaint was filed against him; that he posted a bond; that his bondsmen notified him the trial was coming up; that he sent a telegram to the sheriff, "as to what the fine would be," and asked for a reply; that he received a reply to his telegram and drove down to see the sheriff the following Sunday; that he saw the sheriff and gave him a check and his driver's license; that at the time he gave the sheriff the check, the sheriff said, "he wanted my driver's license and I gave it to him." That he knew he was forfeiting his bond. He further testified he did not know what offense was charged against him; that he did not personally appear before the court and did not authorize any person to enter a plea of guilty for him. A certified copy of the Travis County judgment was introduced in evidence, and its recitals contradicted appellant. This judgment recited appellant announced ready and entered a plea of guilty "to the complaint herein." The certified copy was admissible. Art. 3720, Vernon's Ann.Civ.St.; McDermott v. Steck Co., Tex.Civ.App., 138 S.W.2d 1106, Er. Ref. The certified copies of the complaint and information charged Auda Vee Tatum with the offense of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor. In the absence of a jury, the conflicts in the evidence were for the trial court to determine. The evidence was sufficient to establish that appellant was convicted in Travis County of the offense of driving a motor vehicle while under the influence of intoxicating liquor. (Finding (2), supra.)

Appellant testified to the convictions in Tom Green County. (Findings (3), (4) and (5), supra. As to finding 5 his testimony was that his conviction was December 13; also see letter, infra.) This testimony renders it not necessary for us to discuss the

introduction in evidence of exhibits from the county court of Tom Green County.

Following each of the foregoing convictions a notice of conviction, listing appellant's chauffeur's license as No. 1387175, was received by the Department; they were identified by the custodian of these records and were introduced in evidence. These appear to be the originals and were admissible.

Appellant testified that on or about December 23, 1950, he took a driver's license test at San Angelo; that he passed the test and was issued a receipt authorizing him to drive, and that he drove on that receipt until on or about January 31, 1951. There is in the record (introduced by appellant) a letter from the Department of Public Safety, addressed to appellant, and dated February 2, 1951, which is:

"This will acknowledge receipt of your postal note fee for the renewal of your operator's License, however, same will be held in this office until the end of your suspension period on November 17, 1951. Enclosed is our corrected confirmation order to that effect:

"Until your license has been returned to you, it will be unlawful for you to drive any motor vehicle, and copies of this letter are being sent to Enforcement Agencies in your vicinity."

The corrected confirmation order referred to, in part, is:

"Abstract of Court Records show that you were Convicted on December 13, 1949, in the Tom Green County Court of the offense of operating a motor vehicle while license was suspended.

"Therefore, acting under the authority vested in the Department of Public Safety by House Bill No. 20, acts of the 47th Legislature, Regular Session (Article 6687b, Vernon's Texas Annotated Civil Statutes), It Is Ordered that your privilege to operate a motor vehicle upon the highways of this State and any and all Operators', Commercial Operators' and Chauffeurs' Licenses issued to you evidencing such privilege are hereby suspended for an additional period of one year; your suspension period now expires November 17, 1951."

It is from this order that appellant appeals.

The sections and parts of sections of Art. 6687b, supra, pertinent here are:

Section 4. "The Department shall not issue any license hereunder:

\* \* \* \* \* \*

"4. To any person, as an operator, a commercial operator, or a chauffeur, whose license has been suspended, during such suspension or revocation".

Section 10 provides the Department shall examine every applicant for a license in the county of his residence. Section 6 provides every application shall state the name, etc., of the applicant, whether or not he has heretofore been licensed, whether or not a license has been suspended, revoked or refused, and, if so, the date and reason therefor. Section 21 provides the Department shall keep records of all applications, whether granted, refused or suspended and the reasons therefor, and shall keep records of the convictions of the licensee.

Section 24. "(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

\* \* \* \* \* \*

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

\* \* \* \* \* \*

"(b) The suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be suspended under the provision of this Section for a second time, said second suspension shall be for a period of one (1) year.

"(c) The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act."

Section 25 makes it the duty of the court, in which a conviction is had for an offense for which there is provided an automatic suspension of the driver's license, to require a surrender of the license, and further makes it the duty of the clerk to forward the license with a record of the conviction to the Department within ten days of the date of the conviction. And (c) of Sec. 25 provides: "For the purpose of this Act, the term 'conviction' shall mean a final conviction, Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

Section 31. "Any person denied a license or whose license has been cancelled or revoked by the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the county court of said county, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Act."

Section 34 makes it an offense for any person to drive a motor vehicle upon the highways of this state whose license has been suspended, cancelled or revoked.

Section 26 provides that upon a license being suspended or revoked the same shall be surrendered to, and retained by, the Department until the end of the period of suspension and shall then be returned to the licensee.

Upon each of the convictions, supra, becoming final judgments, as the trial court found they did, the question of the suspension of appellant's license became a matter to be determined by the law applicable to each conviction. Beach v. State, 150 Tex. Cr.R. 193, 199 S.W.2d 1020. Upon appellant's first conviction his driver's license became automatically suspended for six months. Sec. 24(a) and Sec. 24(b), both supra. Upon the second conviction, finding 3, supra, appellant's license became automatically suspended for six months additional to his first suspension. Sec. 24(c), supra. The third conviction, finding 4, supra, was, in any event, a second conviction and appellant's license was automatically suspended for one year from November 17, 1949. Sec. 24(b), supra. And upon the fourth conviction, finding 5, supra, appellant's driver's license was automatically suspended for one year additional. Sec. 24(c), supra. Thus the automatic suspension of appellant's driver's license would extend through November 16, 1951.

Appellant says he was given, and passed, an examination for a driver's license. However, the record shows this was during the period that his license was suspended. Sec. 10, supra, authorizes the Department to give an applicant for a driver's license an examination; but Sec. 4, par. 4, supra, prohibits a license being issued during the suspension period.

Appellant says the letter of February 2, 1951, and the order of January 31, 1951, both supra, were a withdrawal by the Department of his driver's license, and that under Sec. 31, supra, he was entitled to appeal from that order. We have already shown that a license could not legally issue. Appellant says he was given a receipt showing he had passed the examination and told that a license would be issued to him at a later date. No license was shown to have been issued and in fact none could legally be issued during the suspension period. For these reasons appellant has not been denied a license or his license has not been revoked by the Department within the meaning of Sec. 31, supra, since his license was during that period automatically suspended and for which reason he could not, at that time, be legally issued a license.

Appellant says the trial court erred in dismissing his appeal because Sec. 31, supra, affords the only remedy for him to be heard. The argument is without persuasive force because: (1) appellant was afforded an opportunity to be heard on the charges filed against him, which resulted in the suspension of his license, and (2) he has not brought himself within the provisions of that section.

■ Appellant says his suspensions should be adjudged to run concurrently. We do not agree with this contention. The periods of suspension applicable to appellant's convictions are specified by the sections of the statute. Such suspensions are made automatic by reason of conviction and are therefore beyond the control of courts and juries. Gilbert v. State, Tex. Cr.App.1948, 212 S.W.2d 182.

Appellant says Secs. 22 to 35, both inclusive, of Art. 6687b, supra, are unconstitutional for the reasons that: (1) they are indefinite and of doubtful construction; (2) they impose cruel and unusual punishments, and (3) they do not afford a remedy by due course of law.

■ The privilege of driving a motor vehicle upon the highways of this state is not in itself a civil property right, but is subject to regulation by the Legislature. Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950. To exercise this privilege the law requires that the person must secure a license and the continuance of this license is conditioned on such person's obedience to the law.

The Court of Criminal Appeals has held that the automatic revocation of a driver's license upon the holder being convicted of drunken driving does not violate the guaranty of the Constitution. Taylor v. State, 1948, 151 Tex.Cr.R. 568, 209 S.W.2d 191. And in Anderson v. State, 1946, 149 Tex. Cr.R. 423, 195 S.W.2d 368, that court impliedly overruled the contention that the automatic suspension of a driver's license upon conviction constituted cruel and unusual punishment.

In State v. Laredo Ice Co., 96 Tex. 461, 73 S.W. 951, 953, the court said: "Pre-

scribing fines and other punishments which which may be imposed upon violators of the law is a matter peculiarly within the power and discretion of the Legislature, and courts have no right to control or restrain that discretion except in extraordinary cases, where it becomes so manifestly violative of the constitutional inhibition as to shock the sense of mankind." Texas Cent. R. Co. v. Hannay-Frerichs & Co., 104 Tex.. 603, 142 S.W. 1163.

We have already said appellant was afforded an opportunity to be heard on the charges against him and from which the suspension of his driver's license stemmed..

■ This law was regularly enacted by the Legislature in the exercise of its power and discretion; its invalidity, as contended by appellant, is not manifest, nor has such claimed invalidity been pointed out by appellant, for which reasons it must be sustained. Texas Cent. R. Co. v. Hannay-Frerichs & Co., supra.

The judgment of the trial court is affirmed.

Affirmed.