INMON BENNETT RICE V. STATE

No. 28,235. May 9, 1956.

Appellant's Motion for Rehearing Overruled
June 20, 1956.

*Bryan Wingo*, Corpus Christi, for appellant.

*Sam L. Jones, Jr.*, District Attorney, *George A. Hamilton*, Assistant District Attorney, Corpus Christi, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the felony offense of drunken driving as denounced by Art. 802b, V.A.P.C., and the punishment was assessed at one year in jail.

The indictment alleged that prior to the commission of the presently charged offense in Nueces County, on or about August 11, 1955, appellant was convicted on July 7, 1952, in Cause No. 978 in the county court of Aransas County, Texas, of the misdemeanor offense of driving a motor vehicle upon a public highway in that county while intoxicated.

Certified copies of the complaint, information and judgment in said Cause No. 978 were introduced showing conviction upon a plea of guilty.

For the purpose of identifying appellant as the defendant convicted in said cause in Aransas County, the state introduced a certified copy of the records of the Drivers License Division of the Texas Department of Public Safety showing that Chauffeur's License No. 2861377 was originally issued to Inmon Bennett Rice, whose description was shown and which showed his residence as 2256 Loritte Drive, Corpus Christi, Texas.

The jury had opportunity to observe appellant and if there was any discrepancy in the description of the licensee and his appearance, the jury was in position to discover it.

The record introduced further showed that said license was subsequently renewed as a Commercial Operator's License to expire on May 9, 1956, and that the license was suspended for a period of six months, Inmon Bennett Rice having been convicted for driving while intoxicated on July 7, 1952, in the county court of Aransas County in Cause No. 978.

Appellant was identified by police officer, Nicholas Baumann, as the drunken driver of an automobile involved in a collision with a motorcycle on August 11, 1955, on a public highway in Nueces County. He testified that he had occasion to record the driver's license and it was "Texas Drivers License Number 2861377, Operator."

The sufficiency of this evidence to identify appellant as the defendant who was convicted in the prior cause is challenged.

The question for our determination is whether the evidence as to the number of appellant's license to drive a motor vehicle and the records mentioned are sufficient to identify appellant as the person previously convicted of the misdemeanor offense of driving while intoxicated described in the indictment.

Sec. 11 of Art. 6687b, V.C.S., provides that a distinguishing number assigned to the licensee shall be shown on the operator's, commercial operator's or chauffeur's license, and Sec. 13 of said statute requires that the licensee have such license in his immediate possession when operating a motor vehicle and that he display it upon demand of any peace officer.

Art. 6687b, Sec. 24(2) V.C.S., provides for the automatic suspension of the license of a driver upon his conviction of the offense of driving a motor vehicle while under the influence of intoxicating liquor, and Sec. 25 of the same act requires the clerk of the court in which the conviction is had to forward the license to the Texas Department of Public Safety, together with a record of the conviction.

Art. 6701d, Sec. 152, V.C.S., requires the clerk of a court of record, where a conviction for the violation of any law regulating the operation of vehicles on highways is had, to prepare and forward to the Texas Department of Public Safety a certified abstract of the record of said court covering the case, which shall include the name and address of the party charged and the number, if any, of his operator's, commercial operator's or chauffeur's license, the nature of the hearing, the plea, the judgment, and the amount of the fine, which abstract the department shall keep at its main office.

Sec. 3 of Art. 6701d, V.C.S., provides that the Texas Department of Public Safety shall, upon request, furnish any person a certified abstract of the operating record of any person subject to the provisions of the act.

Art. 3731a, V.C.S., provides that a record and certificate such as we have here shall, so far as relevant, be admitted in the courts of this state as prima facie evidence of the matter stated therein.

In view of the foregoing statutes, we conclude that the evidence mentioned was sufficient prima facie evidence to identify appellant as the defendant in the prior conviction.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant challenges the correctness of our original opinion

herein and relies upon Fite v. State, 158 Tex. Cr. Rep. 611, 259 S.W. 2d 198. He contends that in the Fite case we held inadmissible the same evidence we here uphold. With this contention, we cannot agree. In that case, we held that Article 3731a, V.A.C.S., did not alter or amend the hearsay rule. In the case at bar, the official records which were introduced were not hearsay and were certainly relevant because proof of the prior conviction was an integral part of the proof of the instant offense; i.e., driving while intoxicated (second offense).

It is too late to raise the question of notice, provided for by Section 3 of said act, in this court. Objection on that ground should have been made in the trial court. Hill v. State, No. 28,165, (Page 331 of this volume,) 290 S.W. 2d 677.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.