Edward WOOD, Appellant,

v.

**The DEPARTMENT OF PUBLIC SAFETY of the State of Texas, Appellee.**

No. 13269.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1958.

Rehearing Denied March 19, 1958.

J. Kenneth Brewer, San Antonio, for appellant.

Hubert W. Green, Jr., Dist. Atty., John G. Murray, Asst. Crim. Dist. Atty., San Antonio, for appellee.

POPE, Justice.

Edward Wood has appealed from a summary judgment in the County Court at Law which suspended his operator's license, all Texas registrations of motor vehicles owned by him, and his privilege of operating a motor vehicle in Texas. The Department of Public Safety, after an administrative hearing, suspended those licenses and Wood appealed to the County Court at Law and obtained a stay order. In the subsequent summary judgment proceeding, the court held that there were no issues of fact, set aside the stay order, and then affirmed the administrative action. Two matters are presented on this appeal. The De-

partment urges that the mere perfecting of an appeal should not effect an automatic stay. Wood insists that there are fact issues which should be determined upon a trial and that the summary judgment was granted through error.

■ The action of the County Court at Law in setting aside the stay order has rendered that matter moot. However, Wood's pleading in the County Court is entirely devoid of any pleaded cause or reason for a stay. A stay was granted on the grounds solely that an appeal worked an automatic stay upon request. Instead of a stay of the proceedings, the suit should have been dismissed. "If every allegation in appellant's petition be accepted as true, he has not stated legal grounds for a stay of the order of suspension." Oliveira v. Department of Public Safety, Tex.Civ. App., 309 S.W.2d 557, 560. Section 2(b) of Article 6701h, Vernon's Ann.Civ.Stats., permits a stay, but states that "The court shall determine whether the filing of the appeal shall operate as a stay of any such order or decision of the Department." The word "determine" has been the subject of judicial interpretation. It means, according to Smith v. Board of Education of Walton County, 174 Ga. 735, 164 S.E. 41, 43, that one adjudges, comes to a decision, decides after investigation, performs a judicial act, or settles by judicial sentence. Accord, Bradner v. Vasquez, 102 Cal.App. 2d 338, 227 P.2d 559, 561; Gooch Milling & Elevator Co. v. Commissioner of Internal Revenue, 8 Cir., 1943, 133 F.2d 131, 137. Under the statute, one who appeals must do more than appeal to gain a stay order. He must show good cause upon which the judge can "determine" that he should have a stay.

■ On the summary judgment hearing, the court granted judgment for the Department. Department called upon Wood for admissions touching all the elements necessary to a suspension order. Wood evaded or refused to answer the admissions, and the court, therefore, proper-

ly found all of the questions answered against Wood. Sanchez v. Caroland, Tex. Civ.App., 274 S.W.2d 114. The Department also supported its motion for judgment by affidavits. The affidavits and admissions show that Wood, while driving his vehicle was involved in a collision which resulted in both personal injuries and property damages in excess of $100, and that Wood had no liability insurance and in no way had qualified under the Safety Responsibility Law so as to be excused from carrying liability insurance. The essence of Wood's argument is that upon a trial, by cross-examination, he might raise some fact issues. The object of the summary judgment proceeding is for the parties to show at the hearing that there is a fact question. If there be a fact issue, it was Wood's burden to come forth with answers to the admissions or with affidavits stating facts to draw those issues. No issues have been developed and there is no need for a trial just to see if some issues might develop. City of San Antonio v. Castillo, Tex.Civ.App., 293 S.W.2d 691, 694.

The judgment is affirmed.