**Clayton D. WHITTINGTON, Appellant,**

**v.**

**DEPARTMENT OF PUBLIC SAFETY,**
State of Texas, Appellee.

No. 16187.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 6, 1961.

Rehearing Denied Feb. 3, 1961.

Howard, Scott & Anderson, and J. M. Anderson, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

RENFRO, Justice.

After proper notice and hearing, a corporation court of Dallas found appellant to be an habitual traffic violator, whereupon the Texas Department of Public Safety entered an order suspending appellant's driver license for a period of 6 months. Appellant appealed to the County Court at Law where summary judgment was entered holding him to be an habitual traffic violator. This is an appeal from the County Court at Law judgment.

Appellee's motion for summary judgment included the order of suspension, dated Sept. 2, 1959, nine notices of conviction, each of which showed the amount of the fine imposed, and seven of which showed appellant guilty of moving traffic violations within a period of one year.

Appellant's pleading, reply and admissions state he was not legally convicted of 8 of the offenses because he was not tried, and did not plead guilty in open court in person or by attorney.

Article 6687b, Sec. 25(c), Vernon's Ann. Texas St., provides, in part: "Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

Appellant was afforded an opportunity to be heard on the charges against him and from which the suspension of his driver's license stemmed. He knew that final judgments of conviction had been entered against him. The notices of conviction were admissible. Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W.2d 577; Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167. When incorporated in the motion for summary judgment they were prima facie evidence of the matters stated therein. Rice v. State, 163 Tex.Cr.R. 367, 292 S.W. 2d 114. It was then incumbent upon appellant to contradict or rebut the validity of the convictions and the suspension order.

Appellant did not deny that he had been convicted of the 9 violations.

He made no showing that he had not committed the offenses for which he was convicted.

He made no showing that the convictions did not result from a forfeiture of bail or collateral deposited to secure his appearance in court, and that if such forfeiture had occurred same had been vacated.

His answer, then, raised no material issue of fact, but was a mere legal conclusion. Since the statute, supra, pertaining to suspension of drivers' licenses provides that a forfeiture of bail or collateral shall be equivalent to a conviction, appellant's legal conclusion that he was not legally convicted is erroneous, in so far as the suspension order is concerned.

The cases of Mooneyhan v. Benedict, Tex.Civ.App., 284 S.W.2d 741, and Johnson v. Woods, Tex.Civ.App., 315 S.W.2d 75, cited by appellant, are damage suits and Article 6687b, Sec. 25(c) had no application.

Summary judgment is proper in a driver's license suspension case when no material issues have been raised. Wood v. Department of Public Safety, Tex.Civ.App., 311 S.W.2d 274.

The judgment of the trial court is affirmed.