Wallace Junior McPEAK, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 15825.

Court of Civil Appeals of Texas.

Dallas.

April 28, 1961.

Pete White, Ivan Irwin and Fowler Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

WILLIAMS, Justice.

Wallace Junior McPeak, as plaintiff, filed his petition in the County Court at Law No. 2 of Dallas County, against Texas Department of Public Safety, as defendant, in which he appealed from an administrative finding of the Justice Court, Precinct 4, of Dallas County, finding him to be an habitual violator of the traffic laws and suspending his driving privileges.

Relying upon Article 6687b, Vernon's Ann.Texas Civ.St., and alleging that he was not an habitual violator of such laws, McPeak prayed that said order suspending his driver's license be set aside. After answering, defendant, Texas Department of Public Safety, filed its motion for summary judgment, and upon hearing thereof, the trial court entered its order sustaining such motion. From that judgment this appeal has been perfected.

The motion for summary judgment of the Texas Department of Public Safety, appellee herein, alleged that McPeak had been convicted on four separate occasions within a 12 months period of time of moving traffic violations. Attached to such motion and made a part thereof are six "notices of conviction" certified from the Corporation Court of the City of Dallas and which state that McPeak had been convicted of speeding, three times; illegal turn, one time; driving on wrong side of street, one time; and "traffic light", one time. These convictions are shown to have been within a twelve months period of time.

In his first and second points of error, appellant assails these "notices of conviction", contending that they do not constitute evidence, or substantial evidence, of conviction of traffic violations. These points are overruled. Similar question was presented and considered by the Court in Whittington v. Department of Public Safety, State of Texas, Tex.Civ.App., 342 S.W. 2d 374 (writ ref. n.r.e.). Such notices of conviction of traffic violations are public records or documents which are required to be maintained under the authority of Sections 21 and 25 of Article 6687b, V.A.T. C.S., and Section 152, Article 6701d, V.A.T. C.S., and have been held to be admissible into evidence as such public documents un-

der provision of Article 3731a, V.A.T.C.S. Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167 (writ ref.); Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W.2d 577, (no writ hist.); and Rice v. State of Texas, 163 Tex.Cr.App. 367, 292 S.W.2d 114.

Appellant raises the question of whether the "notices of conviction" constitute "substantial evidence". We do not deem it necessary to pass upon the question of whether the "substantial evidence" rule applies to the original administrative hearing in the Justice Court. This is an appeal to the County Court at Law and in testing the sufficiency of the motion for summary judgment we do so under the usual rules applicable to such motions. It is our opinion that the notices of convictions constitute proper evidence in support of the motion for summary judgment, and that summary judgment proceeding is proper in such a case. Whittington v. Department of Public Safety, State of Texas (supra).

Therefore, the appellant's third point, complaining that the trial court held that the "substantial evidence" rule is applicable in this case is overruled. Moreover, we do not find that the trial court made such finding.

By his fourth point, appellant complains of the action of the trial court in holding that appellant's responses to appellee's request for admissions of fact were evasive and therefore deemed admitted as a matter of law. By appropriate request for admissions under Rule 169, Texas Rules of Civil Procedure, appellee requested appellant to admit or deny that he had been arrested on six different dates, for specified offenses, and had been convicted on six different dates. Each incident was contained in a separate request. Appellant answered, and in each instance said that he had "no recollection of having been arrested on a particular date for the specified offense" and "couldn't therefore either admit or deny that he was so arrested" and further stated that "he had not sufficient information either to admit or deny that he was *legally* convicted for any of the offenses listed on any of the dates specified." Upon the hearing of the motion for summary judgment the court found that the responses of appellant were wholly evasive and that as a matter of law, said request for admissions were deemed admitted.

Rule 169, T.R.C.P., relating to admission of facts is specific in its provisions that each of the matters of which an admission is requested shall be deemed admitted unless the party to whom the request is directed shall file a sworn statement, either denying specifically the matters of which an admission is requested, *or setting forth in detail the reason why he cannot truthfully either admit or deny those matters.* (Emphasis supplied.)

Thus a party may not evade the rule by merely saying that he does not have sufficient information to either admit or deny the matters requested when he, by resorting to means available to him, can secure the facts inquired about. This provision of Rule 169 is not a frivolous one, nor one that should be treated lightly and thereby overcome the salutatory purpose of the rule.

In answer to request Nos. 7 and 8, appellant admitted that during the year 1954 his driving privileges were suspended on the ground that he was an habitual violator of the traffic laws. Thus it is evident that appellant could, by the exercise of ordinary diligence, have inspected the records of the Corporation Court of Dallas, Texas, or made other inquiry which would have revealed his conviction on the offenses inquired about. In his answer to the motion for summary judgment he does say that, after answering the request for admission of facts, his attorney did make inquiry of the Clerk of the Corporation Court of Dallas, Texas, concerning such convictions, and that such Clerk told his attorney certain things about the convictions.

Justice Collings, of the Eastland Court of Civil Appeals, in Montgomery v. Gib-

bens, 245 S.W.2d 311, 315, clearly enunciated the proper construction to be placed on this Section of Rule 169:

" * * * appellant should have been in position to ascertain the facts by reasonable inquiry. The purpose of the rule was to avoid the necessity of proving facts which are not controverted and particularly which as these are peculiarly within the knowledge of a party litigant of whom admissions are requested. Appellant was required to affirm or deny the requested admissions or to 'set forth in detail the reasons' for not so doing. Such reasons themselves may not be fickle but must be based upon reason. To refuse to admit or deny the above requests for the stated reason that he did 'not know of his own knowledge anything about the collision' was an evasion of rather than a reply to such request * * *. The court did not err in deeming admitted such requests for admission."

■ The facts revealed by this record indicate clearly that appellant made no effort to ascertain the facts requested to be admitted, nor did he give any reasons for not doing so, and therefore his answers are clearly evasive. The trial court did not err in holding such requests to be admitted. Appellant's fourth point is overruled.

■ By his fifth, and last point, appellant alleges error for the trial court to hold that appellant had failed to state a cause of action in that said appellant had failed to show why the said order of suspension could be set aside. The trial court, in his judgment sustaining the motion for summary judgment, recited, inter alia, that "Wallace Junior McPeak had wholly failed to state a cause of action in that said plaintiff failed to show why the order of suspension of the plaintiff's driving privileges appealed from herein could be set aside * * *." In his original petition, on appeal from the Justice Court to the County Court at Law, appellant recited the action of the Justice Court and then alleged that "petitioner hereby denies that he is an habitual traffic violator and in the manner provided requests this Court to abate and hold in abeyance the order of the Texas Department of Public Safety heretofore entered * * *." Appellee filed its special exception to this allegation contending that the same is insufficient to show why appellant was not an habitual violator. The recitation contained in the judgment is the only evidence of action taken by the trial court on this exception. It is our opinion that the action of the trial court on the pleadings is immaterial to the issues of this appeal. This is an appeal from the action of the trial court in sustaining motion for summary judgment. The decision of the court was founded on the verified motion for summary judgment, together with its attachments, and the verified answer of appellant to such motion. Based upon these affidavits, as provided in Rule 166–A, the trial court rendered his decision. The sworn motion of appellee, together with attachments, was sufficient to show the nonexistence of issues of fact. Appellant's answering affidavit was insufficient to refute the allegation of nonexistence of issuable facts. In the first place, appellant in his answer did not deny the prior convictions but attempted to evade, relying upon evasive answers to request for admission of facts. With these requests being deemed to have been admitted, as we have previously held, nothing remains in the appellant's affidavit save and except his statement to the effect that his attorney had been told by the Clerk of the Corporation Court, subsequent to the answers of request for admission of facts, that in truth and in fact only one conviction appeared on the records of the Corporation Court. This is clearly hearsay and does not come within the plain and explicit provisions of Rule 166–A, T.R.C.P., subd. (e). Sparkman et ux. v. McWhirter, Tex.Civ.App., 263 S.W. 2d 832, (Writ Ref.)

All of appellant's points are therefore overruled, and, since the affidavits con-

sidered by the trial court present no issue of fact, the action of the trial court in sustaining the motion for summary judgment was correct.

Affirmed.