**Gus COOLEY, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16238.

Court of Civil Appeals of Texas.

Fort Worth.

June 23, 1961.

Obel L. McAlister, Fort Worth, for appellant.

Doug Crouch, Criminal Dist. Atty., of Tarrant County, and Gerald Weatherly, Asst. Dist. Atty., Fort Worth, for appellee.

RENFRO, Justice.

Pursuant to an affirmative finding of a Justice of the Peace that appellant was an habitual violator of the traffic laws, the Department of Public Safety, on November 18, 1959, issued its order suspending appellant's driver's license for a period of 12 months.

Appellant filed suit in the County Court at Law to set aside the order.

The Department filed an answer and a sworn motion for summary judgment. The motion set out that the statutory requirements had been complied with leading up to the suspension order, and attached to the motion as exhibits (a) the suspension order, (b) certificate from the custodian of driver records, Texas Department of Public Safety, showing appellant's traffic violations, and (c) six notices of conviction which showed that appellant had been convicted of six

moving traffic violations in a consecutive period of 12 months.

Appellant filed "exceptions" to the motion for summary judgment. He did not otherwise file an answer or reply to the motion.

The court granted the Department's motion and upheld the suspension order.

Appellant argues that an action to suspend a driver's license is a quasi criminal action in which summary judgment proceeding is not proper.

The statute provides the rights of the parties in a driver's license suspension case "shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits." Art. 6687b, Sec. 22, sub. c, Vernon's Ann.Tex.St.

■ Summary judgment is proper in a driver's license suspension case when no material issues have been raised. Wood v. Department of Public Safety, Tex.Civ.App., San Antonio, 311 S.W.2d 274; Whittington v. Department of Public Safety, Tex.Civ. App., Fort Worth, 342 S.W.2d 374; McPeak v. Texas Department of Public Safety (Tex.Civ.App., Dallas), 346 S.W.2d 138, 139.

■ Appellant contends the "notices" of conviction were hearsay and could not be the basis of a judgment. The same contention was made in McPeak v. Texas Department of Public Safety, supra. The court held: "In his first and second points of error, appellant assails these 'notices of conviction', contending that they do not constitute evidence, or substantial evidence, of conviction of traffic violations. These points are overruled. Similar question was presented and considered by the Court in Whittington v. Department of Public Safety, State of Texas, Tex.Civ.App., 342 S.W. 2d 374 (writ ref. n. r. e.). Such notices of conviction of traffic violations are public records or documents which are required to be maintained under the authority of Sections 21 and 25 of Article 6687b, V.A.T.C.

S., and Section 152, Article 6701d, V.A.T. C.S., and have been held to be admissible into evidence as such public documents under provision of Article 3731a, V.A.T.C.S. Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167 (writ ref.); Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W.2d 577, (no writ hist.); and Rice v. State of Texas, 163 Tex. Cr.R. 367, 292 S.W.2d 114."

■ In another point appellant contends the court erred in granting the motion for summary judgment because the copy of the motion served on him did not have copies of the exhibits attached. The appellant has failed to show that he was unfairly surprised by the failure of the Department to attach copies of the exhibits to the motion. Art. 3731a, Sec. 3.

Appellant contends the 1959 amendment to Art. 6687b, Sec. 22(b) sub. 4, which was enacted after the six traffic convictions were entered, had the effect of an ex post facto law, or of taking away rights of appellant by retroactive law.

■ Revocation or suspensions of drivers' licenses are not penal in nature and not intended as punishment but are designed solely for the protection of the public in the use of the highways. Davison v. State, 166 Tex.Cr.R. 376, 313 S.W.2d 883.

■ A license or permit to drive an automobile on the public highways and streets is a privilege and not property or property rights. Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177.

■ The 1959 amendment merely defined the term "habitual violator." It did not give "a right where none before existed," nor take "away one that before existed." 12 Tex.Jur.2d 470, sec. 121. Acts which are purely remedial, as we construe the amendment to be, and which do not disturb vested rights are not within the prohibition of the Constitution. 9 Tex.Jur. 539, sec. 104.

Since the notices of conviction were admissible, they, when incorporated in the motion for summary judgment, were prima facie evidence of the matters stated therein. Rice v. State, 163 Tex.Cr.R. 367, 292 S.W.2d 114. It was then incumbent upon appellant to contradict or rebut the validity of the convictions and the suspension order. He did not deny that he had been convicted of the six moving traffic violations within a 12 months period, and made no showing that he had not committed the offenses for which he was convicted.

No issue having been developed, summary judgment was proper.

Judgment affirmed.