Roy SIMMONS, Appellant,

v.

DEPARTMENT OF PUBLIC SAFETY,
Appellee.

No. 7320.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 3, 1961.

Jerry Lastelick, Daugherty, Bruner, Kelsoe & Thorp, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

CHADICK, Chief Justice.

This is an action authorized by Article 6687b Vernon's Ann.Texas Civ.St. Summary judgment was entered by a county court of Dallas County suspending the driving privileges of appellant, Roy Simmons, for a period of twelve months. The judgment is affirmed.

■ It is asserted in support of appellant's three points of error that this cause of action in county court was an appeal from an administrative decision, and as such the court was limited to an ascertainment of whether or not the decision was supported by substantial evidence. The argument is then advanced that the question of substantial evidence to support the administrative decision could only be determined after a trial at which both parties had an opportunity to tender evidence. Though not expressed in so many words, the appellant's basic theory is that the summary procedure authorized by Rule 166–A is not applicable to the case.

The following cases have held the summary procedure appropriate in an action of this kind: Wood v. Texas Department of Public Safety, Tex.Civ.App., 311 S.W.2d 274; Whittington v. Texas Department of Public Safety, Tex.Civ.App., 342 S.W.2d 374; McPeak v. Department of Public Safety, Tex.Civ.App., 346 S.W.2d 138; Cooley v. Texas Department of Public Safety, Tex.Civ.App., 348 S.W.2d 267. It is to be noted that Sec. 22(c) of Art. 6687b provides that actions of this nature shall be tried under the rules governing other civil suits.

The appellant next presents a theory that Sec. 22(c), Art. 6687b is void. His hypothesis assumes the substantial evidence rule must apply in the county court in review of a driver's license suspension. He cites Texas Department of Public Safety v. Azar, Tex.Civ.App., 274 S.W.2d 911, and Texas Department of Public Safety v. Pryor, Tex.Civ.App., 321 S.W.2d 99. Then supposing such rule has been applied in this case, he asserts that its application ipso facto renders Sec. 22(c) null and void because of this language in the cited article: " * * * Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act. * * * If this subsection (c), or any part thereof, is for any reason ever held by any court to be invalid, unconstitutional or inoperative in any way, such holding shall apply to this Amendatory Act, and in such event this Amendatory Act shall be null, void and of no force and effect."

■ It is not necessary in this case to decide the question presented, as the record shows no resort to or application of the substantial evidence rule. For similar dis-

position of this legal issue see McPeak v. Texas Department of Public Safety, Tex. Civ.App., 346 S.W.2d 138 at page 140.

The affidavit filed in support of the summary judgment motion has not been questioned except by the view expressed in oral argument that the offenses named in the notices of conviction were not necessarily moving traffic violations; particularly the offense designated "traffic light." It must be conceded that an offense growing out of the failure to observe traffic light signals can be committed by a pedestrian with no movement of a vehicle occurring. However, here the affidavit states the offenses shown in the notices were moving traffic violations. Failure to controvert this sworn testimony in a manner recognized by Rule 166–A forestalls legitimate complaint at this time.

The record, as it is understood, leaves this court no choice but to affirm the judgment of the trial court. It is so ordered.