Claude Henry SMITH, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16275.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 5, 1962.

Coleman & Whitten, and Earl L. Coleman, Denton, for appellant.

John Lawhon, Denton, for appellee.

BOYD, Justice.

Pursuant to the provisions of Sec. 22, sub. (b), par. 4, Article 6687b, Vernon's Ann.Civ.St.Tex., the Texas Department of Public Safety suspended the driver's license of Claude Henry Smith after an administrative hearing before a Justice of the Peace and a finding that Smith was an habitual violator of the traffic laws, having been convicted of five moving traffic violations in a consecutive period of 12 months.

Smith appealed to the county court, which court sustained a motion for summary judgment filed by the Department, and he appeals to this court.

It was stipulated that the evidence offered on the hearing for summary judgment consisted of appellee's motion, to which was attached what purport to be five notices of conviction of appellant for traffic violations. The trial court found that the notices attached to the motion for summary judgment were " * * * five certified notices of conviction of moving traffic violations * * * " by appellant, which occurred within a twelve-month period of time.

Appellant contends that since he specifically denied all of the affirmative findings made at the administrative hearing, an issue of fact was raised as to whether he was convicted of a moving traffic violation, and therefore the summary judgment was erroneous; and that the evidence was insufficient to show that he was ever convicted of a moving violation of the traffic laws.

■ The offenses listed in the notices of conviction were: three for "speeding"; one for "failed to stop for school bus"; and one for "traffic light". Appellant says that neither of these transactions constitutes a violation of the law. The same contention appears to have been presented and rejected in Simmons v. Texas Department of Public Safety, Tex.Civ.App., 350 S.W.2d 212.

Another point is that since the notices of conviction were not authenticated by the Department of Public Safety, and not identified by any person, such notices were insufficient to justify the rendition of a summary judgment.

All of the notices of conviction except that for "traffic light" were certified by a Justice of the Peace. The "traffic light" notice was certified by a clerk of a corporation court. If we disregard the notice of conviction for "traffic light", since, as was said by the court in Simmons v. Texas Department of Public Safety, supra, the failure to observe a traffic light could be committed by a pedestrian, there are four others, convictions for which would furnish support for a finding that appellant was an habitual violator in that he had been convicted of four moving traffic violations. Sec. 22, sub. (b), par. 4, Article 6687b.

■ The sworn motion for summary judgment stated that the offenses shown by the attached notices were moving traffic violations. Appellant's reply to the motion was not verified and "Failure to controvert this sworn testimony in a manner recognized by Rule 166–A forestalls legitimate complaint at this time." Simmons v. Texas Department of Public Safety, supra.

■ Notices of conviction have been held to be proper evidence and will support a motion for summary judgment. McPeak v. Texas Department of Public Safety, Tex. Civ.App., 346 S.W.2d 138; Whittington v. Texas Department of Public Safety, Tex. Civ.App., 342 S.W.2d 374; Cooley v. Texas Department of Public Safety, Tex.Civ.App., 348 S.W.2d 267; Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167; Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W. 2d 577.

We believe that under the authorities cited the summary judgment was proper.

The judgment is affirmed.