John William MOTHERSHEAD, Jr., Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 16492.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1964.

Charles R. Wheeler, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., and George McManus, Asst. Dist. Atty., Fort Worth, for appellee.

LANGDON, Justice.

This is a summary judgment case. Following an administrative hearing a justice of the peace court found the appellant to be an habitual traffic violator. The Department of Public Safety thereafter entered an order suspending appellant's commercial operators license for a period of six months pursuant to the provisions of Art. 6687b, § 22(b) 4, Vernon's Ann.Tex.Civ.St. The appellant appealed to the county court at law where summary judgment was entered adjudging him to be an habitual traffic violator and ordering suspension of his license. This is an appeal from that judgment. We affirm.

There was attached to the appellee's motion for summary judgment a photostat copy of the appellant's public driving record properly authenticated by the supervisor of the records division of the Department of Public Safety. The record contained four notices of conviction reflecting that the appellant was guilty of four moving traffic violations arising out of different transactions within a consecutive period of twelve months and included the order of suspension dated September 16, 1962.

The appellant by way of pleading, replies, and admissions states that he was not validly convicted of any of the offenses because he did not enter a plea of guilty or a plea of nolo contendere in open court in person or by attorney. He states that he did appear at the corporation court building and paid the "fines" by money order,

cash, or check to the clerk or the cashier at the "fine window".

Art. 6687b, § 25(c), V.A.T.S. provides that a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

■■ The appellant was accorded ample opportunity and time to rebut the prima facie case against him in the county court at law involving the charges upon which the suspension of his commercial operators license was based. He was fully aware that the judgments of conviction were against him according to the notices attached to the motion for summary judgment. The record of the convictions was admissible. Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167; Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W.2d 577; Whittington v. Department of Public Safety, Tex.Civ.App., 342 S.W.2d 374. When incorporated in the motion for summary judgment they constituted prima facie evidence of the matters therein stated. Rice v. State, 163 Tex.Cr.R. 367, 292 S.W.2d 114. It was thereafter incumbent upon the appellant to contradict or to rebut the validity of the convictions and the suspension order. This he failed to do.

■ While the appellant denied that he had been convicted of the four traffic violations, based solely upon the statement that he had not appeared in open court in person or by his attorney and entered a plea of guilty or nolo contendere, he otherwise made no showing that they were not legal convictions under this statute. He did state that he did not desire to take the time or spend the money required to prove his innocence. The appellant made no showing that the convictions did not result from a forfeiture of bail or collateral deposited to secure his appearance in court, and that if such forfeiture had occurred same had been vacated. The contentions of the appellant were but mere legal conclusions and as such raised no material issue of fact. According

to his admissions the appellant personally appeared at the corporation court building and paid money by way of money order, cash or check to an officer of the court in connection with each of the offenses.

It has long been an established practice to appear before the clerk of the corporation court or other persons authorized by the judge thereof and enter a plea of not guilty and post a cash bond in the amount required for the ultimate payment of the fine. This is a convenience to the person so doing as he avoids the necessity of being present for the trial and the issuance of a capias for his arrest. In failing to appear for trial the cash bond or collateral paid by him is forfeited and devoted to payment of his fine. By handling the payment of the fine in this way the courts have held that the record of the traffic violation is inadmissible in a civil case arising out of the same transaction. Certainly, this arrangement is a convenience to the person charged. The action of the appellant in appearing and arranging with the appropriate person for payment in connection with each of the four traffic violations rather than mailing payment does no more than to raise the inference that he made arrangements to post a cash bond or collateral which was forfeited when he failed to appear for trial. Certainly, it does not rebut the prima facie case made on the appellee's motion, nor establish the existence of fact issues.

Since the statute provides that a forfeiture of bail or collateral shall be equivalent to a conviction the appellant's legal conclusion that he was not validly convicted is erroneous in so far as the suspension of his license is concerned. Whittington v. Department of Public Safety, Tex. Civ.App., 342 S.W.2d 374.

■ The appellant has raised some question as to notice of the administrative hearing in the justice of the peace court. The record however contains no information upon which we might base a determination of this point and same is accordingly overruled.

The appellant did receive due notice of the suspension of his license and timely filed his appeal which had the effect of suspending the suspension order of the Department of Public Safety and therefore invalidated any prior administrative order to the same effect as though there had been no prior hearing. Art. 6687b, § 22(c).

In our opinion the cases of Mooneyhan v. Benedict, Tex.Civ.App., 284 S.W.2d 741; Art. 518, Vernon's Ann.C.C.P.; Texas Department of Public Safety v. Williams, Tex. Civ.App., 356 S.W.2d 848; Palmer v. Texas Department of Public Safety, Tex.Civ.App., 374 S.W.2d 347, and the recitations contained in 24 Tex.Jur.2d, pp. 210, 211, § 633, together with the authorities cited therein, have no application to the facts in this case.

Since summary judgment is proper in a drivers license suspension case in which no material issues of fact have been raised, Wood v. Department of Public Safety, Tex. Civ.App., 311 S.W.2d 274, we have concluded that the judgment of the trial court should be and same is accordingly affirmed.