Robert Ray GUNN, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 7673.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1966.

Cade & Bowlin, Lubbock, David A. Maclaughlin, Lubbock, of counsel, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett and Carson Smith, Asst. City Attys., Lubbock, for appellee.

CHAPMAN, Justice.

This is a driver's license suspension case. The Lubbock Corporation Court made an affirmative finding that appellant, Robert Ray Gunn, was an habitual violator of the traffic law as defined in Article 6687b, Section 22(b) 4, Vernon's Ann. Texas Revised Civil Statutes. Appellee, Texas Department of Public Safety, then suspended Gunn's license for a period of six months. Gunn appealed to the Lubbock County Court at Law No. 1 in accordance with Article 6687b, Section 22(c).

Motion for summary judgment was filed by the Department based upon the pleadings on file, the affidavit of the Deputy Custodian of Driver Records of the Driver and Vehicle Records Division, Texas Department of Public Safety, and four abstracts of convictions showing on the face of each the name of the violator, the number of each cause, the ticket number, the license number, the vehicle registration number, the offense of speeding, the date of each conviction, the plea to the charge, and the signature of the magistrate certifying the correctness thereof.

The affidavit of the Deputy Custodian swore that upon his personal knowledge:

" * * * that the operating record of ROBERT RAY GUNN the holder of Texas Commercial Operator's License No. 3892700 shows convictions for the following moving violations. of the traffic laws of the State of Texas or its political subdivisions, said moving viola-

tions having occurred on or about the dates indicated:

| | | |
|---|---|---|
| 6–01–65 | Speeding | Lubbock, Texas |
| 7–30–65 | Speeding | Lubbock, Texas |
| 8–10–65 | Speeding | Lubbock, Texas |
| 10–27–65 | Speeding | Lubbock, Texas |

"That Judgments of conviction have been entered against the said ROBERT RAY GUNN for the aforementioned moving violations, all of which are evidenced by Notices of Conviction certified to the Department of Public Safety by the convicting courts in accordance with the law.

"That each of the Notices of Conviction reflect that the said ROBERT RAY GUNN was assessed and paid a fine and/or costs for the moving violation shown therein.

"That the said four (4) moving violations arose out of different transactions in a consecutive period of twelve (12) months."

The motion for summary judgment was filed on March 23, 1966, and on the next day the judge of the County Court at Law No. 1 set the hearing on the motion for April 11, 1966. The record before us shows no summary judgment component filed in response to the Department's motion, affidavit, and attachments thereto showing four convictions for moving violations " * * * arising out of different transactions within a consecutive period of twelve (12) months." The only instrument shown in the record to have been filed by appellant is his suit in the County Court asserting his unwillingness to abide by the suspension, filed by the attorney of record for appellant. No summary judgment component is shown in the record in reply to the motion and summary judgment components filed by the Department, nor any instrument justifying his inability to do so. Evidentiary data of some kind is required. Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

A summary judgment is proper in a case of this nature when no material issues have been raised in the summary judgment proceeding. Cooley v. Texas Department of Public Safety, 348 S.W.2d 267 (Tex.Civ. App.-Forth Worth, 1961).

The notices or abstracts of judgments are evidence of the matters stated therein. Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.1964).

Such notices or abstracts of judgment being in proper form, attached to the affidavit of the Deputy Custodian and showing four moving traffic violations of appellant within the period above stated under Article 6687b, Section 22(b) 4, they will support a motion for summary judgment in the absence of proper summary judgment evidence raising a fact issue. Smith v. Texas Department of Public Safety, 352 S.W.2d 958. (Tex.Civ.App.-Fort Worth, 1962).

Accordingly, the judgment of the trial court is affirmed.