FIREMAN'S FUND INSURANCE COMPANY et al., Appellants,

v.

COMMERCIAL STANDARD INSURANCE COMPANY et al., Appellees.

No. 4470.

Court of Civil Appeals of Texas, Eastland.

Sept. 24, 1971.

Rehearing Denied Dec. 3, 1971.

Cantey, Hanger, Gooch, Cravens & Munn, Tolbert L. Greenwood, Ft. Worth, for appellants.

Garrett, Settle & Callaway, Rufus S. Garrett, Jr., Stone, Tilley, Parker, Snakard, Law & Brown, Ft. Worth, for appellees.

McCLOUD, Chief Justice.

This is a declaratory judgment case brought by Thos. S. Byrne, Inc., (Byrne) and its liability insurance carrier, Commercial Standard Insurance Company (Commercial) against Sam P. Wallace Co., Inc., (Wallace) and its insurance carrier, Fireman's Fund Insurance Company (Fireman's) and General Motors Corporation (General Motors) and its carrier, Royal Indemnity Company (Royal) for construction of certain indemnity provisions of Wallace's contract with General Motors. Appellants, Fireman's and Wallace, defendants in the trial court, appeal from a judgment requiring Wallace and Fireman's to indemnify and hold Commercial, Byrne, and General Motors harmless in personal injury actions filed by R. L. Gamble (Gamble) and Woodrow W. Frith (Frith), employees of Wallace. Fireman's also appeals from the trial court's refusal to enter judgment in its favor for workmen's compensation benefits paid to Gamble and Frith.

General Motors executed contracts with Wallace and Byrne for the construction of an addition to its Arlington plant. Wallace's contract contained a provision whereby General Motors could assign the contract and it was later assigned by General Motors to Byrne as general contractor. Gamble and Frith, while employed for Wallace in the construction of the plant addition, sustained injuries when they fell from a scaffold. Both Gamble and Frith were paid workmen's compensation benefits by Fireman's, Wallace's compensation carrier, for the injuries sustained.

Gamble and Frith filed separate suits against General Motors alleging specific acts of negligence on the part of General Motors. Fireman's intervened seeking recovery of the compensation benefits paid. General Motors joined Byrne and Wallace as third party defendants seeking indemnity. Byrne then sued Wallace as a fourth party defendant in the Gamble suit. It later dismissed Wallace in the Gamble suit and agreed not to join Wallace in the Frith suit. Both the Gamble and Frith cases

were settled. Byrne and Commercial and Wallace and Fireman's entered into written agreements consenting to the settlements. The written agreements expressly provided that ultimate responsibility for payment would be determined in the instant declaratory judgment action.

Section 12 of the General Motors-Wallace contract and of the General Motors-Byrne contract are identical and read as follows:

*"The Contractor shall protect the Owner and Architect-Engineer against all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of work under this specification.* The Contractor assumes all liability for any injuries, or damages occasioned by his agents or employes on the premises of the Owner regardless of whether such agent or employe is, at the time of such injury to damage acting within the scope of his employment.

All insurance policies are to be issued by companies authorized to do business under the law of the State in which the work is to be done and copies of said policies shall be filed with the Owner before work is started.

Limits for Liability Insurance shall be not less than $100,000.00 for injury to one person, $300,000.00 for injury to more than one person, and $100,000.00 for property damage.

Contractor shall protect the Owner and Architect-Engineer against all claims arising from the use of passenger automobiles, motor trucks, and other motor vehicles owned and operated by the Contractor and/or employes of the Contractor in connection with the work herein specified. Contractor shall submit to the Owner and Architect-Engineer certificates of insurance evidencing public liability and property damage coverage on all such vehicles.

In addition to the Liability Insurance for the protection of the Owner and Architect-Engineer, the Contractor shall, during the continuance of the work under this contract and also extra work in connection therewith, maintain Liability Insurance for injury and/or death to any of his employes and/or to other persons, including any liability which may arise by virtue of the statute or law now in force or which may hereafter be enacted." (Emphasis added)

The trial court found that: General Motors assigned the contract between it and Wallace to Byrne and that such assignment did not relieve Wallace of any obligations previously existing under the contract; Section 12 of the contract required Wallace to furnish insurance coverage of $100,000.00 for injury to one person and $300,000.00 for injury to more than one person, for ". . . all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of work under this specification"; such insurance coverage provided by Wallace protected General Motors from liability within said policy limits without regard to fault of General Motors; and, the injuries sustained were within the contemplation of Section 12.

Appellants contend that the trial court erred in holding Fireman's and Wallace obligated to indemnify Byrne or General Motors in the Gamble and Frith cases because as a matter of law neither Wallace's nor Byrne's contract obligated them to indemnify General Motors against its own negligence or to defend suits predicated upon the alleged negligence of General Motors.

We are of the opinion that Section 12 required Wallace and Fireman's to indemnify and protect General Motors to the extent of the required insurance policy limits, whether or not General Motors was negligent. In Ohio Oil Company v. Smith,

365 S.W.2d 621 (Tex.Sup.1963) the indemnity provision was as follows:

"Ohio shall not be liable or responsible for and Contractor shall save and hold harmless Ohio from and against any and all claims and damages of every kind, for injury to or death of any person or persons and for damage to or loss of property, arising out of or attributed, directly or indirectly, to the operations of Contractor."

The Court stated:

"Section 15 of the contract embodies the manifestations of the intent of the parties in regard to indemnity. Though broad words are used, they are not to be strictly construed, for the intent alone, as expressed in the words of indemnity, controls the scope of the coverage. The Court of Civil Appeals held that the indemnity provision of the contract is not broad enough to cover claims and damages caused by the sole negligence of Ohio. We disagree.

It is the general rule of the law of contracts that where an unambiguous writing has been entered into between the parties, the courts, in construing that writing will give effect to the intention of the parties as expressed or apparent in the writing. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls. See: Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617, 620; See generally: Williston on Contracts § 610; Restatement of the Law of Contracts, § 230. Applying these rules to the construction of Sec. 15, it is clear that Ohio is entitled to indemnity from Smith even though it was Ohio's negligence that resulted in Hunt's injury."

Appellants argue that the indemnity provisions of the contract are contained in Section 20 and they are not liable because of the allegation of negligence on the part of General Motors. Section 20 provides:

"All Contractors shall be responsible each for his work and every part thereof, and for all materials, tools, appliances, and property of every description used in connection therewith, (in case of general contract, General Contractor assumes entire responsibility). They shall specifically and distinctly assume and do so assume all risks of damage or injury from any cause except negligence of Owner, its officers, agents and employes, to property or persons used or employed on or in connection with the work, and of all damage or injury to any persons or property wherever located, resulting from any action or operation under the contract or in connection with the work, and undertake and promise to protect and defend the Owner and Architect-Engineer against all claims on account of any such damage or injury. (See Item 12 'Liability Insurance,' Paragraph 1, also Item 13 'Fire and Supplemental Insurance,' Paragraph 2)."

Appellees argue, and the trial court found, that the indemnity obligation contained in Section 12 is limited in the amount of coverage but it is not otherwise limited. While Section 20, the second indemnity obligation, is not limited in amount but is more limited in scope. We are of the opinion that Section 12 which creates the obligation to furnish liability insurance is a separate and distinct indemnity obligation from that created by Section 20. Each section is complete within itself and no reference to the other is necessary for construction.

In Spence & Howe Construction Company v. Gulf Oil Corporation, 365 S.W.2d 631 (Tex.Sup.1963) the Supreme Court while considering two separate indemnity provisions in the same contract said:

"While the indemnity clause appearing in the first portion of the contract wherein Spence & Howe 'assume liability for doing or failing to do anything that may result in damage, injury or harm' might possibly be construed to apply only to

the acts or omissions of Spence & Howe, Metropolitan Paving Co. v. Gordon Herkenhoff & Associates, 66 N.M. 41, 341 P.2d 460, the provision set forth in the instructions and conditions of the contract cannot be so construed. As above pointed out, Spence & Howe in this portion of the contract agreed 'to be responsible for and to indemnify and save Gulf harmless from all loss or damage and any or all claims arising by reason of accidents, injuries or damage to any persons or property in connection with such work.'

This phrase clearly means that Spence & Howe assumed liability for any and all damages growing out of the work covered by the contract,—namely the setting of piling for six propane tanks.

The clause appearing in the forepart of the contract did not operate to limit the coverage of the second indemnity clause, although it might have been redundant or even unnecessary to the contract. We cannot read clearly stated provisions out of a contract to which the parties have agreed."

We hold that appellants were liable under Section 12 to indemnify and protect General Motors in both suits to the extent of the required insurance coverage without regard to the negligence of General Motors. Also, the assignment to Byrne of the Wallace contract did not relieve Wallace of the indemnity obligations to General Motors.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.

On Motion for Rehearing.

While this case was pending on motion for rehearing the Supreme Court decided the case of Joe Adams & Son v. McCann Construction Company, 475 S.W.2d 721 (1971) which appellants argue controls the questions presented in the instant case. We disagree.

In the *Joe Adams & Son* case the court was concerned with an accident which was caused solely by the fault of the indemnitee. This is not the situation in the present case. Here the trial court found that there was no evidence offered that the injuries of Gamble and Frith resulted from the negligence of General Motors and further that the evidence showed that the injuries resulted from the negligence of Gamble and Frith. Appellants attack this finding. The only evidence of the cause of the injuries to Gamble and Frith was the testimony of Starnes, Wallace's general superintendent. Appellees' request for admission No. 3 contained an exhibit attached thereto which purported to contain a short transcript of testimony given by Starnes at a former trial of the Gamble suit as to how the accident happened. Request No. 6 asked if the testimony contained in the exhibit was true and correct. Appellants moved to strike the requests as being outside the scope and intent of Rule 169, Texas Rules of Civil Procedure and stated further that they were without sufficient information to admit or deny the requests. The trial court deemed the requests admitted. The testimony given by Starnes supports the trial court's finding that General Motors was not negligent. We are of the opinion that the trial court did not err in holding such requests to be admitted. Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ.App.1968, ref. N.R.E.), McPeak v. Texas Department of Public Safety, 346 S.W.2d 138 (Tex.Civ.App.1961, no writ hist.).

As stated in our original opinion we think that appellants are liable under Section 12 which is entitled "LIABILITY INSURANCE" to indemnify and protect General Motors in both suits to the extent of the required insurance coverage without regard to the negligence of General Motors. Moreover, if we are in error as to the obligations created in Section 12, we further hold that Section 20 requires appellants to indemnify General Motors since the trial court found that General Motors was not negligent.

We find nothing in the record to cause us to change the judgment heretofore entered. The motion for rehearing is overruled.