## STATE OF TEXAS v. LAREDO ICE COMPANY ET AL.

### No. 1153. Decided April 27, 1903.

**1.—Constitutional Law—Anti-Trust Law of 1899.**

The Act of the 26th Legislature, chap. 146 (Laws of 1899, p. 246) did not, by making its provisions cumulative of all laws then in force (sec. 14 of Act), so consolidate its enactments with the previous statute of 1895 as to make the proviso of sec. 12 of the Act of 1895, exempting farmers and stockraisers from its operation (which rendered that law unconstitutional), apply to and invalidate the law of 1899 also. (Pp. 465, 466.)

**2.—Same—Construction.**

The rule that statutes in pari materia are to be regarded as parts of a common system, is one of construction merely, and does not require that an unconstitutional provision in one of many laws on the same subject should invalidate them all. (P. 466.)

**3.—Unconstitutional Enactment—Validity of Remaining Provisions.**

The provisions of the eighth section of the anti-trust law of 1899 (Laws of 1899, p. 248) are not so connected with the other parts of that statute as to require the whole act to be held inoperative, in case that section be held unconstitutional as violating security from being compelled to testify against oneself (Const., art. 1, sec. 10). The obnoxious provision might be eliminated and the remaining ones be sufficient to accomplish the general purpose of the Legislature. (Pp. 466, 467.)

**4.—Constitutional Law—Excessive Fines.**

The anti-trust law of 1899 (Acts, 26th Leg., chap. 146) can not be held invalid as imposing excessive fines in violation of art. 1, sec. 13, of the Constitution. (Pp. 467, 468.)

·5.—Same—Legislative Discretion.

The fine or punishment to be imposed for violation of law is a matter peculiarly within the discretion of the Legislature, and is not to be controlled by the courts unless so manifestly excessive as to shock the sense of mankind. (Pp. 467, 468.)

Questions certified from the Court of Civil Appeals for the Fourth District, in an appeal from Webb County.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant Attorney-General, for appellant.—Each of the two acts, to wit, acts of 1895 and 1899, is complete within itself, each independent of the other as to the acts forbidden and the penalties provided. An entire repeal of the former act would not affect any provision of the latter.

In so far as the two acts are inconsistent, the latter act repeals, and was intended to repeal, the former, saving to the State the remedy provided by the earlier law for violations of its provisions committed prior to such repeal.

The proviso to section 12 of the Act of 1895, that "this act shall not be held to apply to live stock and agricultural products in the hands of the producer or raiser," can not be extended beyond the act of which it is a part. It is an exception to the general provisions of the law, in favor of a certain class of individuals, and must be limited by its own terms to the provisions of that act.

It must be presumed that the Legislature was familiar with all the provisions of the Act of 1895, including the provision, by the express terms of section 12, exempting farmers and stockraisers from the penalties of that act. If it had been intended to continue this exemption as a part of the Act of 1899, it would not have been left to the chances of a rule of construction which is at least doubtful.

The Act of 1895 being unconstitutional, has not, nor has ever had, and force or validity as law. Cooley's Const. Lim., 25, 26, 222; Shippers' Compress Co. v. State, 67 S. W. Rep., 1056.

The entire argument of counsel in their brief for appellee proceeds upon the assumption that the judicial declaration of the Supreme Court of the United States in Connolly v. Sewer Pipe Co., 22 Sup. Ct. Rep., 431, made the Act of 1895 unconstitutional.

It is true that in the interpretation of the Act of 1899 the former act may be considered, notwithstanding its unconstitutionality, just as might and should be done if the act had been repealed before or at the time of the enactment of the latter statute, but the doctrine is invoked that the provisions of an unconstitutional act are to be read into and taken as a part of a subsequent statute in pari materia with the effect of rendering the latter statute unconstitutional. I believe no precedent can be found for the application of the rule of construction invoked by appellees to this case. None of the authorities cited by counsel support their contention that the Legislature would not have enacted the Act of 1899 without the provision exempting farmers and stockraisers if they had not considered that section 12 of the Act of 1895

was to be taken as a part thereof and as a valid and constitutional provision.  Shippers' Compress Co. v. State, supra.

If section 8 of the Act of 1899 is unconstitutional, as contended by counsel, that would not affect the other provisions of the act.  It can not be said that that section is so vital a part of the entire act as that the Legislature would not have enacted the statute at all without this feature.  State v. Telegraph Co., 62 Texas, 630.

*E. A. Atlee,* for Sauvignets, appellees.—The effect of the act of the Legislature approved May 25, 1899, was not only to keep alive section 12 of the act of the Legislature approved April 30, 1895, but in effect, also, to make that provision of the law a part and parcel of the Act of 1899; the two acts are in pari materia and are to be construed as one, unless the latter act repeals the earlier.  Hanrick v. Hanrick, 54 Texas, 101; Cain v. The State, 20 Texas, 355; Selman v. Wolfe, 27 Texas, 68; Neill v. Keese, 5 Texas, 23; Bryan v. Sundberg, 5 Texas, 418; Cannon v. Vaughan, 12 Texas, 399; Fowler v. Poor, Dallam, 401; Napier v. Hodges, 31 Texas, 295; Hanrick v. Hanrick, 61 Texas, 604-5; 23 Am. and Eng. Enc. of Law, 311.

At the time of the enactment of the statute of 1899, the statute of 1895 was in force in Texas, and so remained until 1902, when the same was declared unconstitutional; and it must have been regarded by the Legislature as one of the laws of the State to which the Act of 1899 was made cumulative.  Sessums v. Botts, 34 Texas, 335; Cravens v. Wilson, 35 Texas, 52; Black v. Epperson, 40 Texas, 185; Cravens v. Wilson, 48 Texas, 324; Davis v. Helbig, 27 Md., 452; Wellington v. Petitioners, 16 Pick., 87; Notes under Kelly v. Bemis, 64 Am. Dec., 51, et seq.  To the effect that after an act has been declared unconstitutional, it is as if it had never been, see Cooley's Const. Lim., sec. 188.

The Act of 1899, construed with the Act of 1895, is inoperative, unconstitutional, null and void, and is in conflict with article 14, section 1, of the Constitution of the United States, in that under its operation the equal protection of the laws is denied to citizens of the State.  Connolly v. Pipe Co., 22 Sup. Ct. Rep., 431; Const. of U. S., art. 4, sec. 1.

The Act of 1899 is unconstitutional, null and void, and is in conflict with article 1, section 10, of the Constitution of Texas, and with art. 5 of the Constitution of the United States, in that it compels a person to testify against himself in a criminal cause.  Art. 5, Const. of United States; art. 1, sec. 10, Const. of Texas; State v. Hardware Co., 18 S. W. Rep., 1126; Boyd v. United States, 116 U. S., 616; Counselman v. Hitchcock, 142 U. S., 547.

Under the exhaustive opinion in the case last cited, it would seem that a person can not be compelled to rely for protection on a clause of the statute, doubtless intended as a substitute for the constitutional guaranty, viz., that the parties making the required affidavit "shall be exempt from criminal prosecution for any violation of law disclosed by such affidavit."

*Nicholson & Mullally,* for Consumers Ice Company, appellee.—The effect of the act of the Legislature approved May 25, 1899, was not only to keep alive section 12 of the act of the Legislature approved April 30, 1895, but, in effect, also to make that provision of the law a part and parcel of the Act of 1899; the two acts are in pari materia and are to be construed as one, unless the later act repeals the earlier. Hanrick v. Hanrick, 54 Texas, 101; Cain v. State, 20 Texas, 355; Selman v. Wolfe, 27 Texas, 68; Neill v. Keese, 5 Texas, 23; Bryan v. Sundberg, 5 Texas, 418; Cannon v. Vaughan, 12 Texas, 399; Fowler v. Poor, Dallam, 401; Napier v. Hodges, 31 Texas, 295; Hanrick v. Hanrick, 61 Texas, 604-5; 23 Am. and Eng. Enc. of Law, 311.

The anti-trust act of May 25, 1899, being a mere supplement to and in pari materia with the previous anti-trust statutes, and such statutes being in contravention of section 1, article 14, of the amendments of the Federal Constitution, the Act of 1899 is likewise void for the same reason. Authorities same as above; also, Potter's Dwarris on Statutes, 189; Connally v. Pipe Co., 22 U. S. Sup. Ct. Rep., 431; Suth. on Stat. Const., sec. 288.

At the time of the enactment of the statute of 1899, the statute of 1895 was in force in Texas, and so remained until 1902, when it was declared unconstitutional; and it must have been regarded by the Legislature as one of the laws of the State to which the Act of 1899 was made cumulative. Sessums v. Botts, 34 Texas, 335; Cravens v. Wilson, 35 Texas, 52; Black v. Epperson, 40 Texas, 185; Cravens v. Wilson, 48 Texas, 324; Davis v. Halbig, 27 Md., 452; Wellington v. Petitioners, 16 Pick., 87; Notes under Kelly v. Bemis, 64 Am. Dec., 51 et seq., to the effect that after an act has been declared unconstitutional it is as if it never had been; Cooley's Const. Lim., sec. 188.

Where, by rejecting as in conflict with the Constitution of the United States certain exceptions in a statute, it is made to enact what is apparent the Legislature never meant, the entire statute must be annulled. Spraigue v. Thompson, 118 U. S., 90; Pollock v. Farmers Loan and Trust Co., 158 U. S., 634; State v. Denny, 4 Law. Rep. Ann., 65; Poindexter v. Greenhow, 114 U. S., 270; W. U. Telegraph Co. v. State, 62 Texas, 635.

The Act of 1899 is unconstitutional, null and void, and is in conflict with article 1, section 10, of the Constitution of Texas, and with article 5 of the amendments to the Constitution of the United States, in that it compels a person to testify against himself in a criminal case. Amendments to Const. of U. S., art. 5; Const. of Texas, art. 1, sec. 10; State v. Hardware Co., 18 S. W. Rep., 1126; Boyd v. United States, 116 U. S., 616; Counselman v. Hitchcock, 142 U. S., 547.

The Act of May 25, 1899, is unconstitutional, because the penalties prescribed by section 5 thereof for the violation of the provisions of the act are excessive in amount, and are for said reason in conflict with and in contravention of section 13 of article 1 of the Constitution of Texas, embracing the Bill of Rights, and in conflict with the eighth amendment

of the Constitution of the United States. Section 5 of said act provides a forfeiture of not less than two hundred nor more than five thousand dollars for every offense, and provides that each day of continuance of violation thereof shall be a separate offense, in addition to which section 7 provides for a forfeiture of all corporate rights and franchises of corporations. Acts of the 26th Leg., pp. 247, 248. Burlington, C. R. & N. Railway Co. v. Dey, 12 Law. Rep. Ann., 436; Chicago & A. Railway Co. v. People, 16 Am. Rep., 610; Martin v. Johnson, 11 Texas Civ. App., 628; State v. Becker, 3 S. D., 29; State v. Driver, 78 N. C., 423; Robinson v. Miner, 68 Mich., 549.

If the different parts of a statute are so mutually connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant a belief that the Legislature intended them as a whole, and that if all could not be carried into effect the Legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditioned or connected must fall with them. Pollock v. Farmers Loan and Trust Co., 158 U. S., 634; Warren v. Charleston, 2 Gray, 84; Spraigue v. Thompson, 118 U. S., 90.

*Newton & Ward* also filed printed argument for appellees.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the Fourth Supreme Judicial District, as follows:

"This is a suit brought by the State of Texas against the defendants, the Laredo Ice Company, a copartnership composed of H. A. and P. M. Sauvignet, and the Consumers Ice Company, a corporation organized under the laws of the State of Texas, for the purpose of recovering penalties for a violation of the Anti-trust Law of 1899.

"It was alleged that the defendants had entered into a combination or agreement with each other by which they had formed a pool, trust, agreement, combination, confederation, understanding and association with each other to regulate and fix, and that they did regulate and fix, the price of ice in the county of Webb, in the State of Texas; that such agreement was maintained from about the 19th day of June, 1902, to the date of the filing of the petition.

"The defendants filed a general demurrer to plaintiff's petition which presented the question of the constitutionality of the Anti-trust Law of the State of Texas approved March 25, 1899.

"The court, sustaining the demurrer, held the law to be unconstitutional and dismissed the case, from which judgment this appeal was taken.

"Question.—Is the act of the Twenty-sixth Legislature, chapter 146, Acts of 1899, page 246, under which this action is brought, constitutional?"

It is claimed by counsel for appellee that the act referred to, known

as the Anti-trust Law of 1899 (Laws 26th Leg., p. 246), is void for the following reasons:

1. Because the fourteenth section has the effect to make it a part of the Act of 1895 and to incorporate into the Act of 1899 the proviso of section 12 of the law of 1895.

2. Because the Act of 1899 prescribes for those who shall violate it excessive fines contrary to section 13, article 1, of the Constitution of this State.

3. Because the provisions of the law, which make the failure of a party to respond to the demand of the Secretary of State for an affidavit prima facie evidence of a violation of the law, is in conflict with section 10, article 1, of the Constitution, in that it makes the accused testify against itself.

The fourteenth section of the Act of 1899, concerning trusts and monopolies, is in this language: "The provisions of the foregoing sections, and the fines and penalties provided for violations of this act shall be held and construed to be cumulative of all laws now in force in this state." Counsel for appellee earnestly contends that the effect of this provision is to consolidate and to make one law of the Act of 1895 and the Act of 1899, and thereby to give exemption from prosecution under the law of 1899 to those persons who are exempted by the provisions of the law of 1895. The term "cumulative" indicates a harmonious coexistence and co-operation rather than a consolidation of two things into one. An amendment to a statute is not "cumulative," because it repeals and takes the place of the part of the law that it amends, thereby becoming a part of the law amended. It is true, that, in seeking the meaning of language used in a statute, it is proper to consider all of the acts of the same legislative body which are in pari materia, because "it is supposed that there has been no change in the legislative intent and purpose," unless it is manifested by some change of language. Suth. Stat. Const., sec. 283. But this is a rule of construction merely and does not constitute each act a part of every other act on the same subject. Laws which are said to be in pari materia are parts of a common system or policy, but are not one and the same law. Counsel press that rule of construction with force and earnestness, stopping little short of the logical conclusion that an unconstitutional provision in one of many laws on the same subject would destroy all of those laws.

Appellee attacks the law of 1899 upon the ground that it makes the accused testify against himself. The eighth section of the Act of 1899 prescribes the form of affidavit which must be required of corporations by the Secretary of State, and provides as follows: "And on refusal to make oath in answer to said inquiry, or on failure to do so within thirty days from the mailing thereof, such failure shall be prima facie proof that such incorporated company is transacting business in the State of Texas, and has violated the provisions of this act every day after the expiration of the thirty days from the mailing of said letter of inquiry." It is unnecessary for us to determine the question presented as to the

validity of the clause of the law above quoted, for if it be granted that it does require the corporation to testify against itself in violation of section 10, article 1, of the Constitution of this State, still the obnoxious provision may be eliminated from the statute and the remaining provisions would be sufficient to accomplish the general purpose that the Legislature had in its enactment; therefore, the law would not fall with the unconstitutional provision above quoted. Treating of the effect of an unconstitutional part of a law upon the whole act, Mr. Cooley says:

"In any such case the portion which conflicts with the Constitution, or in regard to which the necessary conditions have not been observed, must be treated as a nullity. Whether the other parts of the statute must also be adjudged void because of the association must depend upon a consideration of the object of the law, and in what manner and to what extent the unconstitutional portion affects the remainder. A statute, it has been said, is judicially held to be unconstitutional, because it is not within the scope of legislative authority; it may either propose to accomplish something prohibited by the Constitution, or to accomplish some lawful, and even laudable object, by means repugnant to the Constitution of the United States or of the State. A statute may contain some such provisions, and yet the same act, having received the sanction of all branches of the Legislature, and being in form of law, may contain other useful and salutary provisions, not obnoxious to any just constitutional exception. It would be inconsistent with all just principles of constitutional law to adjudge these enactments void because they are associated in the same act, but not connected with or dependent on others which are unconstitutional. Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it can not be presumed the Legislature would have passed the one without the other. * * * If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained."

It is also contended by appellee that the Act of 1899 is unconstitutional and void, because it imposes upon persons who may violate its provisions excessive and unreasonable penalties in violation of section 13, article 1, of the Constitution, which provides that, "excessive bail shall not be required nor excessive fines imposed nor cruel nor unusual punishment inflicted." Prescribing fines and other punishments which may be imposed upon violators of the law is a matter peculiarly within the power and discretion of the Legislature, and courts have no right to control or restrain that discretion except in extraordinary cases where it becomes so manifestly violative of the constitutional inhibition as to shock the sense of mankind. 13 Am. and Eng. Enc. of Law, 60; Express Co. v. Walker, 92 Va., 66. In the case cited the court said: "The

imposition and regulations of fines belong to the Legislature, and to its discretion and judgment the widest latitude must be conceded. Fines are to be fixed with reference to the object they are designed to accomplish. * * * What is to be the legislative guide, in performance of its duty, but its sound judgment and the wisdom of experience? And how can courts with reason or propriety question the action of the Legislature or control or restrain its discretion except where the minimum penalty is so plainly disproportioned to the offense or act for the violation of which it is affixed as to shock the sense of mankind." There is a wide range for the discretion of the jury between the minimum and the maximum penalties fixed by this act, and we are not able to say that the minimum penalty inflicted upon an individual would be so excessive as to "shock the sense of mankind."

We conclude and answer, that the law of 1899, known as the Antitrust Law, is not unconstitutional.