**SUPER X DRUGS OF TEXAS, INC.,**
Appellant,

v.

**The STATE of Texas et al., Appellees.**

**No. 938.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 1974.

Rehearing Denied Feb. 6, 1974.

Kenneth R. Wynne, Bracewell & Patterson, Houston, for appellant.

Carol S. Vance, Joe Moss, James C. Brough, Houston, William A. Olson, Joseph G. Rollins, Sr., Dale M. Tingleaf, Houston, for appellees.

TUNKS, Chief Justice.

The State of Texas and City of Houston filed suit in the district court against Super X Drugs of Texas, Inc., for injunction as provided for by Vernon's Tex.Penal Code Ann. art. 286a, sec. 4 (Supp.1972). This statute prohibits the sale of certain enumerated items on consecutive days of Saturday and Sunday. After hearing evidence the trial court granted the plaintiffs' prayer for temporary injunction, and the defendant appealed from such order.

The principal evidence was the testimony of a private investigator employed by the Retail Merchants Association of Houston. That witness testified that he had gone into five different Super X stores on two consecutive days of Saturday and Sunday. The stores were all in or around Houston. At each store he bought toys, wearing apparel, and/or kitchen utensils on such consecutive days. The purchases covered a period of time beginning Saturday, July 14, 1973, and ending Sunday, August 26, 1973. None of the store personnel questioned the propriety of his purchases on any of the occasions.

The appellant's first contention is that the evidence is insufficient to sustain the trial court's order of the temporary injunction. It argues that the "public nuisance" referred to in section 4 of art. 286a is the "operation of any business" in violation of the act and that the record here does not show that the sales of which the investigator testified constituted such operation of a business. That contention is overruled. The record shows that the appellant was the owner of the stores at which the investigator bought the items. The stores were being operated as business places. The investigator went into the stores as a customer and was treated as a customer by the stores' personnel. It is clear that sales to him were made as incidents in the appellant's operation of business establishments.

In considering this point it is to be borne in mind that the order appealed from is a temporary, and not a permanent, injunction. To be entitled to a temporary injunction the petitioner must prove only that it has a probable right and that it will sustain a probable injury to that right during the pendency of the trial on the merits, if the temporary injunction is not ordered. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W. 2d 549 (1953). Here, the first of those two elements is not in controversy. The appellees' right to prevent the prohibited sales is provided for in the statute itself. The appellees were called upon to prove only that in the absence of a temporary injunction the appellant would probably injure that right pending the hearing on the petition for permanent injunction by making sales prohibited by the statute. The trial court had broad discretion as to the finding of such probable injury. Transport Co. of Texas v. Robertson Transports, *supra.*

Appellant argues persuasively that there is a significant difference between the language of sec. 1 and that of sec. 4 of art. 286a. Sec. 1 makes each individual sale a misdemeanor. Sec. 4 establishes a right to enjoin "the operation of any business . . . contrary to the provisions of this

**336**

Act." Appellant argues that the sales as to which there was testimony were not of sufficient number and with sufficient regularity to constitute "the operation of a business" by it. We are not presented with and *do not answer the question as to whether* the evidence presented by appellees was sufficient to sustain a judgment for permanent injunction. The question presented by this appeal is whether the evidence was sufficient to permit the trial judge, in the exercise of his broad discretion, to find that unless temporarily enjoined the appellant *probably would, during the pendency* of the trial on the merits of this case, injure the appellees' right to prohibit sales made unlawful by the statute. Within that context we hold that the evidence was sufficient to sustain such finding.

■ Section 4 of art. 286a provides *that one may apply to "any court of competent jurisdiction"* for injunction restraining the violation of the act. Appellant argues that since the items bought from its stores by the investigator had a value of less than $500, the district court had no jurisdiction over this case. The district court has general jurisdiction over all causes of action for which jurisdiction is not by law or the constitution given to another court. Tex.Const. art. V, sec. 8, Vernon's Ann.St.; Vernon's Tex.Rev.Civ. Stat.Ann. art. 1909 (1964). This is such a case. It does not involve an "amount in controversy" as to which another court is given jurisdiction. The district court therefore had jurisdiction. Ex Parte Bryant, 155 Tex. 219, 285 S.W.2d 719 (1956).

■ Appellant's fourth point of error is based upon the contention that the plaintiffs' petition was general in its allegations as to the violation by the defendant of art. 286a. It argues that such general pleading did not permit the introduction of evidence as to the specific acts in violation of the statute. This point is overruled. The petition alleged that the defendant had violated the statute by making prohibited sales at

specified times and places. No point of error is stated relating to any ruling by the court as to special exceptions to the pleading.

■ Appellant also claims the trial court erred in refusing to admit certain testimony. During the course of the trial, appellant called the Assistant City Attorney, attorney for one of the appellees, to the witness stand and attempted to elicit testimony from him concerning the enforcement of art. 286a. The trial court refused to admit such testimony. Although the witness was not permitted to answer for purposes of a bill of exceptions, the appellant argues on appeal only that other possible violators have escaped enforcement. The crux of this argument is that the statute is unconstitutional as applied, because of selective enforcement and discrimination. We do not agree. More must be shown than mere unequal application of a state statute to prove a violation of the equal protection clause of the fourteenth amendment to the United States Constitution. It is not sufficient to show only that the law is enforced against some and not others. There must be a showing of actual and purposeful discrimination against the individual himself or against a suspect classification in which he falls (such as wealth, religion, or race), with no proper justifying governmental purpose in such classification. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Moss v. Hornig, 314 F.2d 89 (2nd Cir. 1963). Therefore, any error on the part of the trial court in failing to permit appellant to make a bill of exceptions was harmless error. Texas Rules of Civil Procedure, rule 434.

■ The plaintiffs by pre-trial discovery procedure requested the defendant *to admit ownership, operation, and control* of the various stores from which the investigator-witness made purchases. The defendant declined to admit or deny the requests and contended that to require it to do so would deny its constitutional privi-

lege as to self-incrimination. The plaintiffs moved that the trial court deem admitted those matters of which admissions were requested. The court granted such motion. Its action in doing so is assigned as error in this appeal. That point of error is overruled. Because of the personal nature of this privilege, the defendant, a corporation, has no privilege under U.S.Const. amend. V against self-incrimination. *See* United States v. Kordel, 397 U.S. 1, 8 n. 9, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) (and authorities cited therein). This is true whether the corporation is being compelled to produce records and papers or whether an officer of the corporation is testifying directly. *See* George Campbell Painting Corp. v. Reid, 392 U.S. 286, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1968). Also, a corporation may not claim this privilege in order to escape discovery efforts.

We have found no Texas case passing directly upon the question whether the privilege against self-incrimination, Tex. Const. art. I, sec. 10, is applicable to corporations. None has been cited by counsel. In State v. Laredo Ice Co., 96 Tex. 461, 73 S.W. 951 (1903), the question was raised, but the Court found it unnecessary to answer it and did not do so. Perhaps the reason for the lack of litigation involving the question is the fact that in the past there was no procedure provided for holding a corporation originally responsible. *See* Note, Lack of Statutory Procedures in Texas for Indicting a Corporation, 40 Texas L.Rev. 1057 (1962).

There are several bases upon which the federal cases found their holdings that a corporation has no privilege against self-incrimination under the fifth amendment to the U. S. Constitution. It is said that historically and traditionally the privilege is a personal one and may not be used on behalf of a business entity. George Campbell Printing Corp. v. Reid, *supra*. This distinction is particularly applicable to the corporate entity since it has an existence separate and distinct from its shareholder members. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942).

Other cases reason that a corporation can not claim the privilege because it is a privilege that must be claimed by the witness who is so privileged. A corporation has no physical being and, for that reason, must perform all of its acts through some agent or representative. An agent or representative may not claim the privilege for his principal. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

Another of the reasons advanced by the federal cases is that the corporation, as a legal entity, achieves existence by permission of the state. Statutes limiting corporate rights outline the scope of the permitted corporate existence. Most, if not all, states have statutes which give the state access to the corporate books and records. The Texas statutes in this respect are Vernon's Tex.Misc.Bus.Corp. Ann. arts. 1302–5.01 to 1302–5.05 (1962). (In Humble Oil & Refining Co. v. Daniel, 295 S.W.2d 580 (Tex.Civ.App.—Beaumont 1953, writ ref'd n. r. e.), cert. denied, 347 U.S. 936, 74 S.Ct. 631, 98 L.Ed. 1086 (1954), it was held that those statutes do not violate the provisions in the United States and Texas Constitutions prohibiting unreasonable searches and seizures.) One having a privilege against self-incrimination can no more be required to give access to his incriminating records than he can be compelled to give oral testimony against himself. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). The visitorial statutes are inconsistent with a privilege against self-incrimination and establish that the permitted existence of a corporation is so limited as to exclude that privilege. United States v. Silverstein, 314 F.2d 789 (2nd Cir. 1963).

The appellant argues that even if it has no privilege under U.S.Const. amend. V, it has a privilege under Tex.Const. art. 1, sec. 10. The fifth amendment provides that no "person . . . shall be compelled in a criminal case to be a witness against himself . . . ." Art. 1, sec. 10 provides that "[in] all criminal prosecutions the accused . . . shall not be compelled to give evidence against himself . . . ." There is not such distinction between the language of the two provisions as suggests that the reasoning upon which the federal provision is construed is inapplicable to the state provision.

Note has been taken of the fact that in this case the appellant has claimed the privilege against incriminating itself in response to a request for admissions as authorized by Tex.R.Civ.P. rule 169. The question has been raised as to whether that fact renders inapplicable the reasoning that a corporation may not claim the privilege because a claim in its behalf necessarily must be made by an agent. In Hale v. Henkel, *supra*, 26 S.Ct. at 377, the Court said, "The question whether a corporation is a 'person' within the meaning of this amendment really does not arise, except, perhaps, where a corporation is called upon to answer a bill of discovery . . . ." Even if the form here used by which evidence was elicited against the corporation vitiates the reasoning that it can not claim the privilege because such claim must be made through an agent, the other two bases of denying the privilege remain valid.

We therefore hold that a corporation may not effectively claim a privilege against self-incrimination either by evidence given through its agent or by response to a request to admit facts calculated to show that it has committed a crime.

Appellees' motion for rehearing is granted. The former opinion is withdrawn. The judgment of the trial court is affirmed.