Gordon WOLF d/b/a Wolf
Furniture, Appellant,

v.

The STATE of Texas, Appellee.

No. 2-83-069-CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 1, 1983.

Rehearing Denied Dec. 29, 1983.

Alley & Alley and Richard Alley, Fort
Worth, for appellant.

Robert Brownrigg, Asst. Dist. Atty., Fort
Worth, for appellee.

Before JORDAN, BURDOCK and HILL,
JJ.

OPINION

HILL, Justice.

This is a case in which the appellee, The
State of Texas, is seeking injunctive relief

against the appellant, Gordon Wolf, for violation of TEX.REV.CIV.STAT.ANN. art. 9001 (Vernon Supp.1982–1983), as amended, popularly known as the Blue Law. Upon trial before a jury, the trial judge found as a matter of law that the appellant had violated the act by selling prohibited items on the consecutive days of April 8 and 9, 1978 and on October 7 and 8, 1978, each of which was a consecutive Saturday and Sunday. An issue regarding discriminatory enforcement was submitted to the jury. Upon a jury finding of no discriminatory enforcement, the trial court enjoined the appellant Wolf from further violation of art. 9001.

We affirm.

■ By way of point of error number one, appellant Wolf maintains that there was no evidence to support the trial court's finding as a matter of law that the appellant had violated the provisions of art. 9001. Article 9001 provides that it is a misdemeanor offense to sell certain items on the consecutive days of Saturday and Sunday. The list of items includes home furniture. The appellant testified directly and through interrogatories propounded to him prior to trial by the appellee. He testified that he owned the Wolf Furniture Company at 4129 East Belknap, and that his store, which sold primarily household furniture, was open on April 8, 1978, and that it was also open and household furniture sold on April 9, 1978. He further testified that this store was open for business on October 7 and 8, 1978, and that household furniture was sold on both dates. He said that he was the owner of the store on those dates, that he was in charge of daily operation on those dates, and that he made the decision for the store to be open on those dates. The court took judicial notice that these days were consecutive Saturdays and Sundays. We hold that the evidence does establish a violation by the appellant of art. 9001 as a matter of law. Point of error number one is overruled.

■ Appellant, in point of error number two, urges that the trial court erred in excluding from the jury evidence concern-ing the defense of discriminatory enforcement of art. 9001, and that the court erred in enjoining him from further violation because he had been the victim of discriminatory enforcement. The trial court did not permit evidence before the jury which would have shown that since the filing of this cause no one else had been the subject of a suit such as the one at bar. The evidence submitted to the jury showed that since Tim Curry had been district attorney up until the filing of this lawsuit, a period of six years, no other such suits had been brought. In order to establish the defense of selective prosecution, a defendant must first show that he has been singled out for prosecution while others similarly situated and committing the same acts have not. It has been held, however, that it is not sufficient to show only that the law is enforced against some but not others. *Super X Drugs of Texas, Inc. v. State*, 505 S.W.2d 333, 336 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). The defendant must also establish that such discriminatory selection for prosecution has been invidious or in bad faith by resting upon such impermissible considerations as race, religion, or the desire to prevent his exercise of his constitutional rights. *United States v. Brewer*, 681 F.2d 973, 975 (5th Cir.1982); *Super X Drugs, supra.*

■ We hold that the evidence of the lack of future prosecution which was excluded by the trial court is relevant to the appellant's defense and should have been admitted into evidence. We further hold, however, that the error was harmless in that the record of all of the testimony, including the testimony excluded at trial, failed to raise a fact issue for the jury in that there is not even the suggestion of any improper motive for selective prosecution as is required. *Super X Drugs, supra.* The only evidence presented is to the effect that voluntary enforcement was followed as to others and that no other injunction cases were filed despite the fact that there were other flagrant violators, either because of monetary considerations or because of a strategy of waiting to see how this test case

was determined before proceeding with others. There is no hint of any reason which constitutes the kind of invidious enforcement that gives rise to constitutional protection. Points of error two and three are overruled.

In points of error four, five, and six, the appellant attacks the constitutionality of art. 9001 on the basis that the legislature attempts to declare to be a nuisance that which is not a nuisance, that the body of the bill embraces more subjects than are embodied in its caption, and that there is no rational basis to support its enactment. Article 9001 has been held to be constitutional in cases involving the same attacks on its constitutionality. *Gibson Distributing v. Downtown, Etc.,* 572 S.W.2d 334 (Tex.1978), *appeal dismissed,* 439 U.S. 1000, 99 S.Ct. 606, 58 L.Ed.2d 674; *Gibson Products Co., Inc. v. State,* 545 S.W.2d 128 (Tex.1976), *cert. denied,* 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977); *State v. Spartan's Industries, Inc.,* 447 S.W.2d 407 (Tex.1969); *Ex parte Wilson,* 374 S.W.2d 229 (Tex.Cr. App.1964). No case involving art. 9001 is cited by the appellant in support of his position. The appellant does assert that TEX.REV.CIV.STAT.ANN. art. 9001a (Vernon Supp.1982–1983), which establishes a trade center exception to art. 9001, eliminates the rational basis for art. 9001. We do not agree in that we find art. 9001a, in excepting certain tourist-related businesses from the application of art. 9001, represents a limited, rational exception to art. 9001. We, therefore, do not agree that the passage of the trade center amendment destroys the rational basis for art. 9001. We also note the legislature's expressed intention that art. 9001a be construed as void if it should be unconstitutional, thereby having no effect on the Saturday-Sunday law. Points of error four, five, and six are overruled.

The judgment of the trial court enjoining the appellant from further violations of art. 9001, as amended, is affirmed.